**SIGNED THIS: April 27, 2011**

_____
**GERALD D. FINES**
**UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ) | |
| ) | |
| DAWN M. NICHOLOS, ) | Bankruptcy Case No. 10-91567 |
| ) | |
| Debtor. ) | |
| | |
| JEFFREY D. RICHARDSON, ) | |
| Chapter 7 Trustee, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Adversary Case No. 10-9077 |
| ) | |
| CAROLYN J. LEGAN, ) | |
| DANA A. BURGARD, and ) | |
| DAWN M. NICHOLOS, ) | |
| ) | |
| Defendants. ) | |

OPINION

This matter having come before the Court for trial on an Adversary Complaint filed by the Chapter 7 Trustee; the Court, having reviewed the deposition evidence and exhibits submitted by the parties and having heard arguments of counsel, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in significant dispute and are, in pertinent part, as follows:

1. The Debtor/Defendant, Dawn M. Nicholos, filed for relief under Chapter 7 of the Bankruptcy Code on July 30, 2010.

2. At the time of filing for relief under Chapter 7, the Debtor/Plaintiff held joint ownership with the right of survivorship in a savings account together with Defendants, Carolyn J. Legan and Dana A. Burgard, at Centrue Bank. The Debtor/Defendant's ownership interest was evidenced by a Consumer Account Agreement submitted to the Court as Plaintiff's Exhibit 1, which bore the signatures of all three Defendants.

3. At the time the bankruptcy was filed, the subject bank account had the sum of $16,991.72 in it.

4. Debtor/Defendant, Dawn M. Nicholos, did not schedule her ownership interest in the savings account in her bankruptcy petition; however, she admitted to her interest in the savings account when questioned by the Plaintiff/Trustee at the Section 341 Meeting of Creditors.

5. Following his discovery of Debtor/Defendant's interest in the subject savings account, the Plaintiff/Trustee demanded that the Defendants turn over one-third of the funds held in the subject account to the Debtor's bankruptcy estate. The Defendants refused the Plaintiff/Trustee's request, thus resulting in the filing of the instant Adversary Complaint.

6. The Defendants contend that the subject savings account is merely an account of convenience set up for the benefit of Defendant, Carolyn J. Legan, who is the mother of Defendants, Dana A. Burgard and Dawn M. Nicholos.

7. The Plaintiff/Trustee contends that the subject savings account is jointly owned by the Defendants with rights of survivorship, and, as such, the Debtor/Defendant's bankruptcy estate is entitled to at least one-third of the funds currently held in the account.

Conclusions of Law

The Consumer Account Agreement submitted to the Court as Plaintiff's Exhibit No. 1, clearly indicates that the subject bank account was held jointly by the three Defendants, with the right of survivorship. In <u>Murgic v. Granite City Trust & Savings Bank</u>, 31 Ill.2d 587, 202 N.E.2d 470 (Ill. S.Ct. 1964), it was held that:

> An instrument creating a joint account under the statutes presumably speaks the whole truth, and, in order to go behind the terms of the agreement, the one claiming adversely thereto has the burden of establishing by clear and convincing evidence that a gift was not intended. This burden does not shift to the party claiming under the agreement.

In examining the undisputed facts of this case, this Court is unable to find that the Defendants have overcome the presumption of joint ownership with rights of survivorship created by the Consumer Account Agreement which all three Defendants signed. The evidence set forth in the depositions submitted by the parties establishes that very little discussion was held between the Defendants concerning the purpose of the account or the intent of the Defendants. The Defendants' argument that this was an account of convenience is not supported by sufficient evidence to meet the clear and convincing standard required by the Illinois Supreme Court in <u>Murgic</u>, <u>supra</u>.

Although the Plaintiff Chapter 7 Trustee asserts that the Debtor's bankruptcy estate could be entitled to the entire balance in the subject savings account based upon the joint ownership established in the Consumer Account Agreement, the Plaintiff is only seeking one-third of the funds held in the account. The Court finds that the Plaintiff Trustee's prayer for turnover of the sum of $5,663.91, is supported by the facts and law, and, as such, the Court finds that the Plaintiff's Adversary Complaint should be allowed with judgment entered in favor of the Plaintiff.

###